KENJI M. PRICE #10523
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII    JT
Nov 12, 2020, 1:50pm
Michelle Rynne, Clerk of Court

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808)541-2958
Email:  Michael.Nammar@usdoj.gov
        Micah.Smith@usdoj.gov
        Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  **20-00113 HG** |
| | ) | |
| Plaintiff, | ) | INFORMATION |
| | ) | |
| vs. | ) | [18 U.S.C. § 1962(d)] |
| | ) | |
| WAYNE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

INFORMATION

The U.S. Attorney charges:

Racketeering Conspiracy
(18 U.S.C. § 1962(d))

Overview of the Miske Enterprise

1.      At all times relevant to this Information, WAYNE MILLER, the defendant, and others known and unknown, were members and associates of a criminal organization (hereinafter the "Miske Enterprise").  Members and associates of the Miske Enterprise operated principally under the direction and protection of Michael J. Miske, Jr., aka "Bro," who used his power over members and associates of the Miske Enterprise, his reputation for violence in the community, and the various corporate entities under his control to enrich the members and associates of the Miske Enterprise and to protect their criminal activities.

2.      Among the corporate entities that the Miske Enterprise used to promote the ends of the Miske Enterprise was a company named Kamaʻaina Termite and Pest Control, or "KTPC."  KTPC provided some legitimate termite and pest control services, but also served as a headquarters for the planning of criminal activities, the laundering of illicit proceeds, and the fraudulent "employment" of individuals whose "work" consisted of engaging in acts of violence or fraud on behalf of the Miske Enterprise.  The unlawful activities of the

2

Miske Enterprise also facilitated KTPC's legitimate business operations:  the

Miske Enterprise, and its members and associates, used violence and the threat of

violence to silence customers who complained about, and business competitors and

government regulators who pointed out, KTPC's slipshod service and disregard of

applicable rules and regulations.  At all times relevant to this Information, Michael

J. Miske, Jr., aka "Bro," was the de facto owner of KTPC, although at different

times, the names of other persons were used to conceal or obscure Miske's control

of KTPC.

3.     The Miske Enterprise, including its leadership, membership, and

associates, constituted an "enterprise" as that term is defined in Title 18, United

States Code, Section 1961(4), that is, a group of individuals and entities associated

in fact.  The Miske Enterprise was engaged in, and its activities affected, interstate

and foreign commerce.  The Miske Enterprise operated within the District of

Hawaii and elsewhere and constituted an ongoing organization whose members

and associates functioned as a continuing unit for a common purpose of achieving

the objectives of the Miske Enterprise.

## Purposes of the Miske Enterprise

4.      The purposes of the Miske Enterprise included the following:

a.      enriching the members and associates of the Miske Enterprise through, among other things, (i) engaging in business practices that increased the profits of businesses controlled by the Miske Enterprise, but that ran afoul of applicable rules and regulations; (ii) the collection of extensions of credit by extortionate means; (iii) various forms of fraud, including a cash payroll scheme, a false certified payroll scheme, fraudulent change orders, a fraudulent scheme relating to representations about proper licensing, fraudulent fumigation practices, and bank fraud; (iv) employment tax evasion schemes; (v) extortion; (vi) robbery; (vii) narcotics trafficking; (viii) money laundering; and (ix) illegal structuring of cash transactions;

b.      preserving and protecting the power and financial profits of the Miske Enterprise through intimidation, violence, and threats of physical and economic harm;

c.      promoting and enhancing the Miske Enterprise and the activities of its members and associates;

d.      placing victims and potential victims in fear of the Miske Enterprise and its members and associates by (i) causing and threatening to cause

economic harm and (ii) committing and threatening to commit physical violence; and

   e.  protecting the Miske Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members and associates of the Miske Enterprise.

<u>Means and Methods of the Miske Enterprise</u>

  5.  Among the means and methods employed by the members and associates of the Miske Enterprise in conducting and participating in the conduct of the affairs of the Miske Enterprise were the following:

   a.  To protect and expand the Miske Enterprise's business and criminal operations, members and associates of the Miske Enterprise committed acts involving murder and assault against, and threatened and intimidated, persons who engaged in activity that jeopardized (i) the power and criminal activities of the Miske Enterprise; (ii) the power of leaders of the Miske Enterprise; and (iii) the flow of criminal proceeds to the Miske Enterprise.  At times, members and associates of the Miske Enterprise conducted surveillance, using tracking devices and other means, of persons they viewed as a threat to the interests of the Miske Enterprise.

b.      Members and associates of the Miske Enterprise generated income for the Enterprise through, among other things, (i) the collection of extensions of credit by extortionate means; (ii) various forms of fraud, including a cash payroll scheme, a false certified payroll scheme, fraudulent change orders, a fraudulent scheme relating to representations about proper licensing, fraudulent fumigation practices, and bank fraud; (iii) employment tax evasion schemes; (iv) extortion; (v) robbery; (vi) narcotics trafficking; (vii) money laundering; and (viii) illegal structuring of cash transactions.

c.      Members and associates of the Miske Enterprise also generated income for the Enterprise through, among other things, business practices that increased the profits of businesses controlled by the Miske Enterprise, but that ran afoul of applicable rules and regulations.  Among other things, members and associates of the Miske Enterprise committed and facilitated violations of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), Title 7, United States Code, Section 136, by using Vikane, chloropicrin, and other regulated pesticides and chemicals in a manner inconsistent with their labeling.  At certain times, when the Hawaii Department of Agriculture inquired into possible violations of FIFRA, members and associates of the Miske Enterprise used false writings and

statements, and other fraudulent means, to impair, impede, and frustrate these inquiries.

       d.    Members and associates of the Miske Enterprise obtained, possessed, and used firearms.

       e.    Members and associates of the Miske Enterprise used various techniques to avoid law enforcement scrutiny of the Miske Enterprise's criminal activities. Among other things, members and associates of the Miske Enterprise used multiple cellular telephones for the discussion of particular criminal activities, used encrypted communication applications and devices when discussing criminal activities in an effort to thwart potential law enforcement eavesdropping, attempted to thwart potential law enforcement eavesdropping by engaging in "in-person" meetings to discuss criminal activities, and falsified records and made false representations to both law enforcement and regulatory agencies.

       f.    Members and associates of the Miske Enterprise committed acts of intimidation and made threats as a means of deterring and punishing any potential witnesses to their crimes and in connection with protecting the Miske Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

## The Racketeering Conspiracy

6.    From a precise date unknown, but by at least in or about the late 1990s, up to and including in or about June 2020, within the District of Hawaii and elsewhere, WAYNE MILLER, the defendant, and others known and unknown, being persons employed by and associated with the Miske Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, namely, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Miske Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

a.    acts involving murder, in violation of Hawaii Revised Statute §§ 707-701, 707-701.5, 705-500, 705-501, 705-510, and 705-520;

b.    acts involving kidnapping, in violation of Hawaii Revised Statutes §§ 707-720, 705-500, 705-501, 705-510, and 705-520;

c.    acts involving arson, in violation of Hawaii Revised Statutes §§ 708-8251, 708-8252, 708-8253, 705-500, 705-501, and 705-520;

   d.     acts involving robbery, in violation of Hawaii Revised Statutes §§ 708-840, 708-841, 705-500, 705-501, 705-510, and 705-520;

   e.     acts indictable under Title 18, United States Code, Section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire);

   f.     acts indictable under Title 18, United States Code, Section 229 (relating to chemical weapons);

   g.     acts indictable under Title 18, United States Code, Section 894 (relating to extortionate credit transactions);

   h.     acts indictable under Title 18, United States Code, Section 1952 (relating to racketeering);

   i.     acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion);

   j.     offenses involving the felonious trafficking of controlled substances, indictable under Title 21, United States Code, Sections 841, 843, and 846;

   k.     acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud);

l.      acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents);

m.      acts indictable under Title 18, United States Code, Section 1344 (relating to financial institution fraud);

n.      acts indictable under the Currency and Foreign Transactions Reporting Act, in violation of Title 31, United States Code, Section 5324;

o.      acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments);

p.      acts indictable under Title 18, United States Code, Section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity);

q.      acts indictable under Title 18, United States Code, Section 1503 (relating to obstruction of justice); and

r.      acts indictable under Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant).

7.      It was a part of the conspiracy that WAYNE MILLER, the defendant, agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Miske Enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

Forfeiture Notice

1.      The allegations contained in this Information are incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 1963.

2.      The United States hereby gives notice to WAYNE MILLER, the defendant, that, upon conviction of the offense charged in this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 1963, of any interest the defendant has acquired or maintained in violation of Title 18, United States Code, Section 1962; of any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant established, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any property constituting, or derived from, any proceeds obtained directly or indirectly from racketeering activity in violation of Title 18, United States Code, Section 1962.

3.      If as a result of any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be

subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property

up to the value of the property described above in paragraph 2, pursuant to Title 18,

United States Code, Section 1963(m).

DATED: _____November 12_____, 2020, at Honolulu, Hawaii.


_____
KENJI M. PRICE
United States Attorney
District of Hawaii


_____
MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys


United States v. Wayne Miller
Information
Cr. No.